IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FORTIS INSURANCE LTD., et al., | § § | |
| Plaintiffs, | § § | |
| VS. | § | C.A. NO. H-02-1226 |
| BROWNING-FERRIS INDUSTRIES, INC., | § § | JURY DEMANDED |
| Defendant. | § § | |

## BFI DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants Browning-Ferris Industries, Inc.; BFI Waste Systems of North America, Inc.; Browning-Ferris Industries Chemical Services, Inc.; Browning-Ferris Industries of Ohio, Inc.; Browning-Ferris, Inc. (MD); Browning-Ferris Industries of New York, Inc.; BFI Waste Systems of New Jersey, Inc.; CECOS International, Inc.; and Woodlake Sanitary Services, Inc. (collectively, the "BFI Defendants") move the Court to dismiss the sole claim alleged in the First Amended Complaint filed by plaintiffs Fortis Insurance Ltd., et al. (Dkt. No. 11.) In support thereof, the BFI Defendants respectfully show as follows:

1. On March 29, 2002, plaintiffs filed their Complaint against only Browning-Ferris Industries, Inc. (Dkt. No. 1.)

2. On May 18, 2002, Browning-Ferris Industries, Inc. filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Dkt. No. 7.) In its motion, Browning-Ferris Industries, Inc. argued that the case should be dismissed because the Court lacks subject matter jurisdiction.



113 00136/181851 01

Alternatively, Browning-Ferris Industries, Inc. argued that the Court should abstain from entertaining the plaintiffs' declaratory judgment claim.

3. On May 7, 2002, the plaintiffs filed their First Amended Complaint in which they added BFI Waste Systems of North America, Inc.; Browning-Ferris Industries Chemical Services, Inc.; Browning-Ferris Industries of Ohio, Inc.; Browning-Ferris, Inc. (MD); Browning-Ferris Industries of New York, Inc.; BFI Waste Systems of New Jersey, Inc.; CECOS International, Inc.; and Woodlake Sanitary Services, Inc. as defendants. The plaintiffs also added Lexington Insurance Company as a defendant.

4. In their First Amended Complaint, the plaintiffs made no substantive changes to their allegations, nor did they correct the jurisdictional and procedural defects identified in Browning-Ferris Industries, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction. Accordingly, the BFI Defendants move to dismiss the plaintiffs' First Amended Complaint. In support thereof, the BFI Defendants reurge and incorporate by reference the arguments and authorities set forth in (1) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 7) and (2) Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 14).

WHEREFORE, the BFI Defendants respectfully request that the Court dismiss this action and grant them all other relief to which they are justly entitled.

Respectfully submitted,

By: /s/ David J. Beck by DWJ
David J. Beck
State Bar No. 00000070
Federal I.D. No. 919
1221 McKinney, Suite 4500
Houston, Texas 77010
Telephone: 713/951-3700
Telecopier: 713/951-3720
Attorney-in-Charge for Defendant
Browning-Ferris Industries, Inc.

OF COUNSEL:

BECK, REDDEN & SECREST, L.L.P.
   David W. Jones
   State Bar No. 00790980
   Fed. I.D. No. 18206
1221 McKinney, Suite 4500
Houston, Texas 77010
Telephone: 713/951-3700
Telecopier: 713/951-3720

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure on the day of May 31, 2002.

/s/ David W. Jones
David W. Jones

CASE NUMBER: ☑ Civil ☐ Adv. 02-1226

18 Summons Issued.
☑ w/Original Complaint
☐ w/Amended Complaint
☐ w/3rd Party Complaint
☐ w/_____

Date Issued:
5-31-02

*This form should be sent to the left side of the case file following entry.*